**FILED**
November 07, 2025 10:43 AM
SX-2024-CV-00261
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| UNITED STATES VIRGIN ISLANDS CHESS FEDERATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> GAIL WIDMER, ANNE KERSHAW, SINCLAIR WILKINSON, BRANDON RHYMER, OKEMO HODGE and WILLIAM VAN RENSSELAER, <br><br> Defendants. | **CIVIL CASE NO.: SX-2024-CV-00261** <br><br> ACTION FOR DECLARATORY JUDGMENT. <br><br> 2025 VI SUPER 39U |

## MEMORANDUM OPINION

¶ 1     Before the Court is Defendants' Response to August 20, 2025 Order to Show Cause Regarding Frozen USVICF Bank Account, filed August 29, 2025, that seeks an order declaring that the "Special Election" of the United States Virgin Islands Chess Federation, Inc. ("USVICF" or "Federation") conducted August 18-19, 2025 was a valid election conferring the rights to assume and occupy various offices of USVICF ("Motion to Confirm Election"). The Motion to Confirm Election is fully briefed. For the reasons set forth herein, by accompanying Order issued this date, the Motion to Confirm Election will be granted.

¶ 2     Following the election, Plaintiff filed its Motion to Show Cause Why Defendants Should Not Be Held in Contempt of Court ("Motion to Show Cause") for violating the May 23, 2025 Order Conditionally Granting Preliminary Injunction ("Preliminary Injunction Order") by making representations to third parties holding themselves to be the governing body and representatives of USVICF, and by making multiple false statements to the Court. The Motion to Show Cause is fully briefed and, for the reasons set forth herein, will be denied.

¶ 3     Also pending is the Motion to Dismiss Plaintiff's First Amended Verified Complaint ("Complaint" or "FAC") submitted *pro se* by each named Defendant, opposed by Plaintiff. By the Preliminary Injunction Order, the Court deferred ruling on Defendants' Motions at that time. In light of the ruling on the Motion to Confirm Election and for the reasons set forth herein, the Motions to Dismiss will be granted.

## BACKGROUND

¶ 4        USVICF is a not-for-profit corporation of the Virgin Islands and is a Member Federation of the International Chess Federation (Fédération Internationale des Echecs) ("FIDE"). The Federation was organized and is to be operated to "bring into one organization all people in the U.S. Virgin Islands desiring to promote chess."[1] The Federation has the duty to make "systemic efforts... to increase the membership to every chess player in the U.S. Virgin Islands."[2]

¶ 5        A complaint dated August 13, 2021 was filed with the FIDE Council[3] by Defendant Gail Widmer "and a number of other persons from the Chess community in the USVI regarding alleged constitutional breaches and being 'disenfranchised' by the said USVICF and its president." Those individuals had incorporated a new Virgin Islands nonprofit entity known as USVI Chess Association, Inc. Following receipt of the complaint, FIDE's legal adviser on behalf of the FIDE Management Board exchanged correspondence with USVICF President Margaret Murphy during August and September 2021. FIDE concluded "that there were indeed serious problems with the chess governance in the U.S. Virgin Islands and that the Federation, on the face of it, did not satisfy the requirements for FIDE membership as contained, *inter alia*, in Article 11 of the FIDE Charter."[4]

¶ 6        The FIDE Council convened an emergency meeting on October 2, 2021, "with a single discussion point on the Agenda, namely to consider the possible suspension of membership or exclusion of the USVI Chess Federation upon receipt of an advisory opinion from the FIDE

---

[1] Articles of Incorporation of United States Virgin Islands Chess Federation, Inc., Article III. B. (Plaintiff's Plan for FIDE Sanctioned Elections, Exh. 4. CMS Doc. no. 95); *See also* USVICF Constitution, § 1.4.B. (FAC, Exh. A. CMS Doc. no. 22).

[2] USVICF By-laws, Article II A. (FAC, Exh. A. CMS Doc. no. 22).

[3] The FIDE Council is "the strategic and oversight body of FIDE," with executive and legislative functions. Exercising those powers, the Council "defines FIDE's mission, strategic direction and policies, in particular with regard to the organization and development of chess at worldwide level and all related matters... resolves on all matters not otherwise and explicitly reserved to another body by this Charter." FIDE Charter, Article 20.2 d., j. (Plaintiff's Plan for FIDE Sanctioned Elections, CMS Doc. No. 95, Exh. 1).

[4] FIDE Ethics and Disciplinary Commission Appeal Chamber, Decision (Case no. 10/2021(A)). (Plaintiff's Response to Widmer's Opposition to Proposal for Special Election, Exh. 5 ¶¶ 19-20. CMS Doc. no. 103).

Constitutional Commission."[5] At the emergency meeting, USVICF's President Murphy appeared and was given the opportunity to respond in person to the complaint and allegations.

¶ 7     Following the meeting and deliberation, the Council "noted the importance of member federations adhering to democratic procedures and providing opportunities for a wide cross-section of their chess fraternities and stakeholders, especially players, to become active members of their national federations." The Council determined not to suspend or expel the USVICF, but decided that "the USVICF should amend its Constitution . . . to include a democratic procedure for the admission of new federation members and the re-election of the governing body of the USVICF, including officers."[6] The FIDE Council Decision noted that all chess stakeholders in the USVI should be informed of the changes to the USVICF Constitution, be allowed to apply for membership under the provisions of the amended, new Constitution and that the USVICF will accept new members according to the updated Constitution. After the acceptance of those new members, the Council required that "extraordinary elections" that were to be "fair and democratic" would be conducted with the Council's representative acting as an "Observer."[7] As a Member Federation of FIDE, USVICF "must observe all rules, regulations and decisions of FIDE."[8]

¶ 8     Over the following months, USVICF submitted to FIDE several drafts of a proposed new constitution, resulting in FIDE's Managing Director (Deputy Chair of FIDE Management Board) corresponding with Margaret Murphy, proposing by March 22, 2022 letter FIDE's "position and action plan."[9] The plan confirmed that USVICF was the only FIDE sanctioned chess authority in

---

[5] *Id.* ¶ 21. "Member Federations not fulfilling their duties may be suspended from FIDE membership by a decision of the Council that is immediately effective but is subject to confirmation by the General Assembly, and may be permanently expelled from FIDE by a decision of the General Assembly." FIDE Charter, Art.13.1.

[6] FIDE Council Decision. (Defendant Widmer's Reply to Plaintiff's Proposal for Special Election, Exh. B ¶ 4(b). CMS Doc. no. 92).

[7] *Id.* ¶ 4(i).

[8] FIDE Charter, Art. 11(a).

[9] The FIDE Management Board "is the executive, operational and administrative body that assists the President in the day-to-day management of FIDE activities and implements specific mandates given by the President and the Council." FIDE Charter, Art. 23.1.
     The organizational structure and hierarchy of FIDE is set out in its Charter, as follows:
"PART III — THE ORGANISATION OF FIDE
Art. 16 FIDE organs and officials

the territory, finding its most recent constitution draft "generally in line with the FIDE Charter and FIDE principles," supporting USVICF's "willingness to comply with all democratic principles and especially appreciate the intention to hold elections next year." Acknowledging that USVICF's March 2022 Constitution "might still be improved," FIDE's Managing Director stated that it "meets the basic democratic principles." No copy of the Federation's new Constitution, its Code of Ethics or Membership Application form had been provided to Defendant Widmer's group, but the Managing Director asked the group "to join the federation under the regular procedure of applications," encouraging the group "to become active members of federation, preparing for fair, transparent elections next year."[10]

¶ 9    Yet, the referenced "regular procedure for applications" appears to include conditions seemingly inconsistent with USVICF's mandate to "increase the membership to every chess player in the U.S. Virgin Islands." Specifically, certain players aligned with the Widmer group would be permitted to become active members of the Federation "on the condition that apology would be made and/or public inappropriate comments/assaults addressed to the federation and/or Ms. Murphy personally would be withdrawn."[11]

¶ 10    No evidence has been presented concerning USVICF activities during 2022 to comply with the FIDE Council decision that it adhere to democratic procedures and provide opportunities for a wide cross-section of the Virgin Islands chess community, especially players, to become active members in preparation for "fair, transparent elections" in 2023.

---

16.1 FIDE organs are:
  a) the General Assembly;
  b) the President;
  c) the Council;
  d) the Management Board;
  e) the Zonal Council;
  f) the Verification Commission;
  g) the Constitutional Commission;
  h) the Ethics and Disciplinary Commission and its Chambers;
  i) the Electoral Commission." FIDE Charter, Art. 16.1.

[10] Email exchange (Dana Reizniece-Ozola, Deputy Chair FIDE Management Board – Defendant Widmer) (Plaintiff's Motion for Reconsideration, Exh. A. CMS Doc. no. 87).

[11] *Id.* The record contains no information on events giving rise to the demand for an apology as a condition of membership in the Federation.

¶ 11    Testimony at the May 22, 2025 hearing on Plaintiff's Motion for Preliminary Injunction revealed that several other chess clubs in St. Croix and at least one in St. Thomas existed prior to 2023, but none was affiliated with USVICF. At the end of 2022, in preparation for its March 25, 2023 annual meeting to include election of officers, the Federation claims to have complied with its Constitution by providing notice of the meeting at least three months in advance.[12] It purported to do so by paying five dollars ($5.00) to place the following Notice in the Classified Ads section of the St. Croix Avis on Friday, December 16, 2022:[13]



---

[12] *See* USVICF Constitution § 2.3.4.2.

[13] Plaintiff's Motion for Reconsideration, Exh. C. (CMS Doc. no. 87). The Notice states "Annual meeting USVI Chess Federation will be via Zoom on Saturday, March 25, 2023, at 1:00pm. For more information contact usvichess@gmail.com."

¶ 12    In response to Plaintiff's Motion for Reconsideration, Defendant William Van Rensselaer disputes Plaintiff's claim that he (and other Virgin Islands chess players) were not excluded from voting but simply decided not to participate. He argues that the Federation's "Notice" was wholly ineffective and cannot be seen as a sincere effort to give actual notice to Defendants and to the broader V.I. chess community of the election scheduled for March 25, 2023. Defendant Van Rensselaer notes that, despite his past membership, he was never personally contacted by anyone associated with the Federation concerning the meeting or the election. "Nor do I read the St. Croix Avis, given I live in St. Thomas. Even if I did read the St. Croix Avis, it plainly states 'Annual Meeting USVI Chess Federation.' No mention is made of a special election. I fail to see how I can decline to participate in something I was unaware of."[14]

¶ 13    Not surprisingly, no Defendant and no other member of the Virgin Islands chess community participated in the Federation's March 25, 2023 Annual Meeting, which was attended by five persons (three in person and two by teleconference), four of whom constituted existing officers of USVICF's Board of Administration, and all of whom were re-elected "unopposed" to the same offices. "Since no one put in their candidacy 60 days before this election the slate is the same as the current office holders."[15] Those re-elected officers were Margaret Murphy, President;[16] Ernest Thyberg, St. Thomas Vice President (by teleconference); Marissa Allen, St. Croix Vice President; Anthony Mongiello, Treasurer; and James Hoffman, Secretary (absent from the meeting). The fifth meeting attendee (by teleconference) was Michael Smith, Advisor to the President.[17]

---

[14] Defendant Van Rensselaer's Opposition to Plaintiff's Motion for Reconsideration, at 2. (CMS Doc. no. 94).

[15] *See* Plaintiff's Motion for Reconsideration, Exh. B. (Meeting Minutes. CMS Doc. no. 87). As a point of interest, the Federation's Notice set the March 25, 2023 Annual Meeting for 1:00p.m. By the Minutes, it is reported that the "Meeting commenced at 8:06 a.m." and that "The meeting concluded at 8:52 a.m."

[16] Margaret Murphy "has held the office of President of the Federation for the last 26 years." FIDE Ethics and Disciplinary Commission Appeal Chamber, Decision, ¶ 17 (CMS Doc. no. 103, Exh. 5).

[17] Ernest Thyberg is the brother of Margaret Murphy, a nonresident of the Virgin Islands. FIDE has questioned whether he has any connection to chess. Anthony Mongiello is the "close friend" of Margaret Murphy, and Michael Smith is a former student of Murphy who "has not lived in the USVI for the past decade." *See* Defendant Widmer's Response to Plaintiff's Proposed Plan for Special Election, Exh. C. (August 25, 2021 letter to Margaret Murphy from Aleksandr Martynov, FIDE Legal Advisor. CMS Doc. No. 92).

¶ 14    In March 2023, the Federation had one National Club, the St. Croix Chess Club. Pursuant to the tiered voting structure of the Constitution, only the President and Vice President (Councilor) of each National Club may vote in Board of Administration elections at the annual meetings. At the May 22, 2025 hearing, Margaret Murphy confirmed that she and Anthony Mongiello, as President and Vice President of the St. Croix Chess Club, were the two persons who cast the only two votes in the March 25, 2023 election.[18]

¶ 15    During 2023, 16 members of the rival USVI Chess Association joined the St. Croix Chess Club, seeking to effectuate changes from the inside. Testimony at the May 22, 2025 hearing revealed that during 2023, four other chess clubs, each comprised of at least ten members, sought to apply for recognition as National Clubs but applications were deemed incomplete and/or were not accepted by USVICF for other reasons.[19] Attempts to resolve disputes between the Federation's Board and those clubs and the broader Virgin Islands chess community included entreaties to the Virgin Islands Olympic Committee ("VIOC"), members of the Virgin Islands Legislature and other government officials to act as intermediaries. A November 16, 2023 letter from 32 members of three V.I. chess club was emailed to the USVICF Board setting forth "ongoing concerns" proposing amendments to governing documents and seeking expanded participation of the broader Virgin Islands chess community in Federation sponsored tournaments, soliciting the Board's responses in an upcoming Zoom meeting. All efforts to address and resolve disputes were ultimately to no avail and, by email of November 29, 2023, Defendant Anne Kershaw requested that USVICF's Board of Administrators set a date for a "USVICF Special a.k.a. Extraordinary Meeting and Election," listing a proposed "slate of interim USVICF officers." By email of December 24, 2023, Defendant Kershaw, on behalf of "a majority of USVICF members," reported

---

[18] At the May 22, 2025 hearing, Margaret Murphy testified remotely from New Hampshire where she moved from the Virgin Islands in 2012, is based as a realtor and "serves the New Hampshire Lakes Region, specializing in waterfront properties." She is also a registered voter in Ossipee, NH. *See* Defendant Brandon Rhymer's Reply [Response] to Plaintiff's Proposed Plan for the Conduct of a Special Election, Exh A and B. (CMS Doc. no. 93).

[19] *See* Plaintiff's Motion for Reconsideration, Exh. D. (October and November 2023 email exchanges concerning applications. CMS Doc. no. 87). Those four clubs are Quixotic Queens (Shiela Kelly, president); Wandering Dragons (John Dempsey, president); Nubian Chess Warriors (Bevan Smith, president); and Tullies Tacticians (Defendant Okemo Hodge, president).

that the Board refused to call such a meeting and announced the commencement of the "Special Election" of the USVICF officers.[20]

¶ 16     The special election was conducted online resulting in the election of "Interim Officers" confirmed in Minutes of Special Meeting and Election.[21] Among other actions, those purported new USVICF Board members communicated with FIDE, VIOC and Bank of St. Croix, adding Defendant Widmer as a signatory to the Federation's Bank of St. Croix account. The bank proceeded to freeze the USVICF account in light of the competing claims to ownership. Those actions of Defendants ultimately resulted in the initiation of this litigation by Verified Complaint filed on July 23, 2024, and First Amended Verified Complaint, filed January 9, 2025, in the name of USVICF, each verified by Margaret Murphy, as "the President of the Plaintiff," seeking judgment declaring that the "Special Election" orchestrated by Defendants did not grant them authority over, or to act for or on behalf of USVICF, among other relief.

¶ 17     Plaintiff's Motion for Preliminary Injunction was filed May 1, 2025. Following May 22, 2025 hearing, the Court conditionally granted Plaintiff's Motion for Preliminary Injunction by the Preliminary Injunction Order, entered May 23, 2025, enjoining Defendants from holding themselves out in any setting as the governing body of USVICF. That Order kept in place the freeze of the Bank of St. Croix account pending further order.

¶ 18     The Court conditioned the preliminary injunction Order on Plaintiff conducting "a SPECIAL ELECTION of the Board of Administrators and president of USVICF" within 90 days of the date of the Order. In advance, Plaintiff was required to present to Defendants, and to file with the Court, its proposal and plan for the conduct of the Special Election. Defendants, individually or collectively, were permitted to respond, and the parties were encouraged to communicate and to cooperate and to present a mutually acceptable plan and proposal for the conduct of the Special Election of the USVICF Board of Administration and president as ordered.[22]

---

[20] *See* FAC, Exh. B, Exh. C and Exh.D (November 16, 2023 letter to USVICF Board and St. Croix Chess Club Officers; November 29, 2023 email; and December 24, 2023 email re "Special Election for Interim President" of USVICF. CMS Doc. No. 22).

[21] *Id.* Exh. G.

[22] *See* Preliminary Injunction Order (CMS Doc. No. 80).

¶ 19     On June 23, 2025, Plaintiff submitted its "proposed plan and procedural framework for the conduct of a Special Election," while moving for reconsideration of the portion of the May 23, 2025 Order requiring Plaintiff to conduct a special election. Defendants Widmer and Kershaw each submitted proposals, filed July 2, 2025 and July 14, 2025 respectively. Defendants Wilkinson, Rhymer and Van Rensselaer filed notices that each endorsed Widmer's plan.

¶ 20     By the July 2, 2025 filing of Defendant Widmer, the Court was advised for the first time that on May 17, 2025, five days prior to the hearing on Plaintiff's Motion for Preliminary Injunction, the FIDE Council, upon the proposal of FIDE Legal Director and the recommendation of its Management Board, by Decision/Resolution, had appointed Mario Ramirez Barajas, FIDE Vice President, as Reverse Delegate for the USVICF. The basis for the appointment was the Federation's statutory non-compliance with FIDE standards, internal conflict within the Federation, these ongoing legal proceedings, as well as restrictions to U.S. Virgin Islands chess players. The appointment, through January 1, 2026 (subject to reappointment), wherein Mr. Ramirez Barajas would report directly to the FIDE Council, assigned to him duties to include: engaging constructively with all stakeholders of the chess community in the U.S. Virgin Islands; facilitating the review and fine-tuning of the Federation's statutes to ensure compliance with FIDE standards; and supporting and overseeing transparent and democratic electoral processes within the Federation.[23] The Council's appointment of its Reverse Delegate to support and oversee transparent and democratic elections within USVICF predated the Court's Preliminary Injunction Order that required Plaintiff to conduct a special election,

¶ 21     The FIDE Council may decide to appoint a reverse delegate to a member federation in the case of internal difficulties as an alternative to suspending or expelling such federation.[24] The Council's "appointment of a Reverse Delegate is a remedial action instead of suspending a federation in cases when its proper governance fails and aims to help to resolve internal problems." Here, the Council's decision to appoint Mr. Ramirez Barajas as reverse delegate for USVICF "was

---

[23] *See* "Decision/Resolution: 'On the appointment of Mr. Mario Ramirez Barajas, FIDE Vice President, as the Reverse Delegate for the United States Virgin Islands Chess Federation (USVICF).'" (CMS Doc. no. 92, Exh. A).

[24] *See* FIDE Charter, Art. 13.7.

due not only to long-standing disagreements over the management of chess life within the federation, but also because of clear lack of sufficient activity of the federation, i.e., extremely limited engagement of chess community and scarcity of chess tournaments and other events."[25]

¶ 22    In his first official engagement following his appointment, Reverse Delegate Ramirez Barajas visited the Virgin Islands from June 19-24, 2025, spending three days in St. Croix followed by two days in St. Thomas, meeting with Federation President Murphy and the players and representatives of six active operational clubs in St. Croix and two in St. Thomas, including one youth club.[26] Following a "respectful and constructive" formal meeting with Ms. Murphy, Reverse Delegate Ramirez Barajas found it "evident that her administration currently represents only one club and has not succeeded in integrating the broader chess community of St. Croix and St. Thomas." All other clubs with whom the Reverse Delegate met in St. Croix and St. Thomas "expressed that they have not been able to formally affiliate with the USVICF due to a lack of clear procedures, lack of response, and institutional barriers." Despite Federation leadership's "claims that these clubs have not met certain requirements, the widespread perception on both islands is one of exclusion, limited communication, and lack of institutional integration channels."[27]

¶ 23    Pursuant to the May 23, 2025 Preliminary Injunction Order requiring Plaintiff to conduct a special election of the USVICF Board of Administration and president, on June 23, 2025, through its initial counsel, Plaintiff filed its Proposed Plan for the Conduct of a Special Election, and on July 9, 2025, through substituted counsel, Plaintiff filed its Plan for FIDE Sanctioned Elections (later amended by its substantively identical Amended Plan for FIDE Sanctioned Elections, filed July 27, 2025). On July 2, 2025, Defendant Widmer filed her Alternative Proposed Plan for a Special Election, later joined by other Defendants. On July 14, 2025, Defendant Kershaw submitted her Notice of Agreement for FIDE Special Election (deemed filed July 16, 2025), including therein her July 14, 2025 letter addressed to the Reverse Delegate, with copies to FIDE's

---

[25] August 24, 2025 email, A.Martynov, FIDE Legal Director-A.Kershaw and M.Murphy; FIDE "official" position regarding current procedures. (CMS Doc. no. 121, Exh. F).

[26] *See* Official Report-FIDE, Dr. Mario Antonio Ramirez Barajas, July 1, 2025. (CMS Doc. no. 113, Exh. A).

[27] *Id.*

President, FIDE's Managing Director and Plaintiff's substituted attorney. The letter quoted Plaintiff's filed plan: "In keeping with the structure of both FIDE and VIOC as stated previously, USVICF voting members are clubs in the U.S. Virgin Islands territory that meet the criteria of FIDE and VIOC."[28]

¶ 24    Submitted with Defendant Kershaw's letter for the Reverse Delegate's consideration and approval was a proposed "FIDE's Proposed Plan for a Special Election." Among other matters, the letter identified special election voters as those clubs represented at the May 22, 2025 hearing, namely: The Wandering Dragons, The Nubian Warriors, The Quixotic Queens, Tullies Tacticians, The St. Croix Chess Club, and The St. Thomas Adult Fun Chess Club.

¶ 25    On July 28, 2025, Defendant Kershaw filed Notice of Court Ordered Special Election Rules and Procedures. That Notice stated that, based upon Plaintiff's Proposed Plan for the Conduct of a Special Election, USVICF and Defendants "jointly requested the administrative coordination and supervision by FIDE for the conduct of the special election" and that the election is not initiated by FIDE or the Reverse Delegate, but is implemented pursuant to the Court's Order and "a jointly submitted plan by both parties in the ongoing litigation."[29]

¶ 26    The Notice of Court Ordered Special Election Rules and Procedures was dated July 25, 2025, and included a proposed "election timeline" for submission of candidate nominations, publication of voter and candidate lists, official confirmation of valid candidacies, release of official electoral guidelines, final reminder to all eligible clubs and voters, and online voting via Opa Vote, listing dates for those activities between July 28 and August 18-20, 2025.

¶ 27    In response to the Notice of Court Ordered Special Election Rules and Procedures, by email of July 31, 2025, to V.I. Club Presidents and Vice Presidents, including Margaret Murphy and Anthony Mongiello, President and Vice President of the St. Croix Chess Club, Reverse Delegate

---

[28] Notice of Agreement for FIDE Special Election. (CMS Doc. no. 97).

[29] Notice of Court Ordered Special Election Rules and Procedures. (CMS Doc. no. 100). Plaintiff has subsequently characterized statements that the election was to be conducted by agreement of the parties as "a knowingly false representation to the Court. The USVI Chess Federation had never agreed to the election." Motion to Show Cause Why Defendants Should Not Be Held in Contempt. (CMS Doc. no. 120). There is nothing in the record to show that Plaintiff contradicted or otherwise objected to such representations when they were made, or at any time prior to the election conducted August 18-19, 2025.

Ramirez advised that he had reviewed the proposal that appeared "reasonable, fair, and consistent with the Superior Court's" Order. He stated that he would "act as an official observer" and would report the results to the FIDE Council.[30]

¶ 28   By email of August 11, 2025 to "members and potential voters in the upcoming special elections," including Margaret Murphy and Anthony Mongiello, Reverse Delegate Ramirez confirmed the schedule for the election. He reiterated that his role "in accordance with my mandate, is exclusively to observe and verify that the process is conducted with integrity, transparency, and within the established deadlines. I do not participate in the organization of the election nor in any decisions regarding candidates or voters." Acting as observer, he further offered to confirm participants' compliance with requirements but deferred to organizers as to proof of legitimacy and voter list.[31]

¶ 29   Despite the Reverse Delegate's formal personal, respectful and constructive meeting with Maragaret Murphy during his June visit to St. Croix, and despite the two separate emails concerning the election process sent personally to Margaret Murphy and Anthony Mongiello one week and three weeks prior to the election, neither of them, acting individually or as representatives of the St. Croix Chess Club or as officers of USVICF, offered any response or objection to the Reverse Delegate and filed no objections with the Court in advance of the election.

¶ 30   The election was conducted online, via Opa Vote, from August 18-19, 2025. All Virgin Islands Chess Club Presidents and Vice-Presidents were invited to vote, resulting in the issuance of 14 ballots. Of the 14 ballots issued, 12 ballots were cast. The results were certified by the Election Committee in a recorded Zoom meeting held at 7:00 p.m. on August 19, 2025, as follows: "Sinclair Wilkinson was elected USVICF President, Brandon Rhymer was elected Vice-President for St. Thomas, Okemo Hodge was elected Vice-President for St. Croix, Anne Kershaw was elected Secretary and William Van Rensselaer was elected Treasurer. All are 1-year terms."[32]

---

[30] Reply to Defendants' Response to Show Cause Orders, Exh. 2. (CMS Doc. no. 119).

[31] Motion to Confirm Election, Exh. B. (CMS Doc. no. 113).

[32] *Id.* Exh. D., Certification of Election Results, August 22, 2025. The Election Protocol referenced therein is not a part of the record. The fact that 14 ballots were issued suggests that a total of seven separate chess clubs qualified to vote. The discrepancy with other evidence that suggests that there were a total of six eligible clubs is not explained.

Each of the elected officers received 12 votes, and each of the unsuccessful candidates received no votes.[33]

¶ 31    Following the election, on August 21, 2025, the Reverse Delegate submitted his Observation Report of the FIDE Reverse Delegate, reporting his limited scope of function and his observation of relevant facts, deferring from reporting any opinion on the legal validity of the candidates, rules and election results. Reverse Delegate Ramirez reported that the election "voting process was closed, clear, transparent, and without incidents."[34]

¶ 32    Following the election, on September 4, 2025, Plaintiff filed its Notice of Filing FIDE Constitutional Commission's Ruling, claiming that the FIDE Constitutional Commission concluded that the USVICF election "was improper and void."[35] That Constitutional Commission Report to the FIDE Council, issued August 14, 2025, prior to the election, resulted from the request of the FIDE Council to provide an advisory opinion on matters relative to the Burkina Faso Chess Federation, the Syria Chess Federation, the Panama Chess Federation, the Kosovo Chess Federation, as well as "the matter relating to the nomination of a Reverse delegate for the USVI Chess Federation and his report."[36]

¶ 33    The Constitutional Commission's Report was informed by *ex parte* communications of Margaret Murphy, resulting in mischaracterizations in the Report about the role assumed by the Reverse Delegate and the upcoming election. The Report opined that the Reverse Delegate "can observe and facilitate an agreement among the parties for new elections," but that an agreement in this case had not been reached. Ms. Murphy advised the Constitutional Commission, but not the Court, the Defendants, the Reverse Delegate or the Virgin Islands chess clubs identified as voters

---

[33] *Id.* Exh. C., Special Election for the USVICF Results.

[34] *Id.* Exh. E., Observation Report of the FIDE Reverse Delegate.

[35] Notice of Filing FIDE Constitutional Commission's Ruling on Voiding the August 2025 Election. (CMS Doc. no. 118).

[36] *Id.* Exh. A. The FIDE Council is "the highest executive body of FIDE, elected by the General Assembly." (August 24, 2025 letter of Aleksandr Martynov, FIDE Legal Director, to Anne Kershaw and Margaret Murphy re "FIDE position regarding current procedures." CMS Doc. no. 121, Exh. F). *See* FIDE organizational structure and hierarchy, n. 8 *supra*. The Constitutional Commission, among other things, has competence to deliver advisory opinions on interpretive questions about the FIDE Charter, By-laws, Electoral Rules, Financial Rules and Rules on Non-elected Commissions submitted by a FIDE organ. FIDE Charter, Art. 27.3(f).

in the election that "the U.S. Virgin Islands Chess Federation did NOT agree" with the election plan submitted to the Court and to the Reverse Delegate. On that basis, Constitutional Commission opined that the "alleged agreed elections," therefore, "cannot be considered valid."[37]

¶ 34    The Constitutional Commission reported further that "it's clear that, given what is happening in the territory of the U.S. Virgin Islands," legitimate questions are raised as to whether the obligation of the Member Federation set out in Article 11(d) of the FIDE Charter "has been respected in recent years."[38] "Therefore, a decision of the Council to provisionally suspend the USVI Chess Federation, ex art. 13 of the FIDE Charter, would be possible and reasonable maybe opportune."[39] The "appointment of a Reverse Delegate is a remedial action instead of suspending a federation in cases when its proper governance fails and aims to help to resolve internal problems."[40] That is, the Council determined to employ the limited remedial action of the appointment of the Reverse Delegate rather than to suspend USVICF as a Member Federation of FIDE, action the Report of the Constitutional Commission opines "would be possible and reasonable maybe opportune."

¶ 35    By Order dated August 20, 2025, entered August 22, 2025, the Court granted in part Plaintiff's Motion for Reconsideration, vacating that portion of its May 23, 2025 Preliminary Injunction Order that required Plaintiff to conduct a special election of its Board of Administrators and president within 90 days. Plaintiff had previously complied with the requirement of the Preliminary Injunction Order by presenting its Proposed Plan for the Conduct of a Special Election, filed June 23, 2025, although the proposed dates for election extended far beyond the 90-day timeframe set by the Order. Plaintiff subsequently presented its Plan for FIDE Sanctioned Elections, followed by its Amended Plan for FIDE Sanctioned Elections, filed July 9 and July 27, 2025, respectively, wherein no new or different dates for the conduct of the elections were

---

[37] *Id.* at 11, 9, 14.

[38] FIDE Charter, Art. 11. Obligations of Member Federations. "Member Federations must... (d) maintain full control and governance of chess in their country, including, without limitations, control over their national competitions, excluded unofficial and unrated events."

[39] Constitutional Commission Report to the FIDE Council, at 14-15.

[40] August 24, 2025 letter of Aleksandr Martynov, FIDE Legal Director, to Anne Kershaw and Margaret Murphy re "FIDE position regarding current procedures." (CMS Doc. no. 121, Exh. F).

presented. All Defendants presented, or joined, proposals for elections to be held within 90 days of the May 23, 2025 Preliminary Injunction Order.

¶ 36    Reverse Delegate Ramirez, charged, among other things, to support and oversee transparent and democratic elections, presented his July 2025 Official Report to the FIDE Council. By that Report, the Reverse Delegate proposed election dates outside of the 90-day period. Because all parties and the Reverse Delegate had filed proposals for conducting the elections ordered, with the dates for those elections to be determined, that portion of the Preliminary Injunction Order requiring the special election within 90 days was vacated.[41]

¶ 37    The August 22, 2025 Order, entered under the assumption that elections had not yet occurred, required Defendants to show cause why the freeze on the Bank of St. Croix USVICF account should not be lifted and access to the account returned to Plaintiff. Defendants responded to that Order on August 25, 2025 (and again on August 29, 2025) (Motion to Confirm Election), advising the Court of the fact that the elections had been conducted August 18-19, 2025, seeking an order that the election "was a valid election," among other relief, including the release of the Bank of St. Croix USVICF account to the newly elected officers. The Motion to Confirm Election is fully briefed.

¶ 38    Together with its response to the Motion to Confirm Election, on September 5, 2025, Plaintiff filed its Motion to Show Cause Why Defendants Should Not Be Held in Contempt of Court, primarily asserting that Defendants have violated the Preliminary Injunction Order by holding themselves out as the USVI Chess Federation. More specifically, Plaintiff claims that Defendant Kershaw knowingly made multiple misrepresentations to the Court and to various organs of FIDE to seize control of the Federation.[42]

---

[41] Unknown to the Court, but known to the parties, the elections had been conducted prior to the entry of the August 22, 2025 Order, rendering moot that portion of the Order.

[42] Subsequently, on October 1, 2025, Plaintiff filed its Emergency Motion to Issue Order That Margaret Murphy and Anthony Mongillo Are the Proper Signatories on the United States Virgin Islands Chess Federation Bank Account, alleging similar false representations of Kershaw to Bank of St. Croix, among others. CMS Doc. no. 135.

¶ 39    Defendants Widmer, Kershaw, Wilkinson, Van Rensselaer and Hodge responded directly to the Motion to Show Cause. Defendant Rhymer submitted his Reply to Action for Declaratory Judgment generally disputing Plaintiff's claims for relief.

¶ 40    Lastly, on October 29, 2025, Defendants jointly submitted a filing entitled FIDE Upholds Election: Urgent Request for Court Conference to Resolve All Remaining Issues, attaching the October 28, 2025 email of FIDE's Legal Director Re: "Recognition of the USVICF elections." That communication set forth the text of the FIDE Council resolution decided October 28, 2025, as follows:

> To recognize the results of the most recent elections held by the chess federation of the U.S. Virgin Islands on 18-19 August, 2025. The Council notes, that this recognition is granted without prejudice to any future legal or administrative proceedings that may be initiated before competent authorities in the U.S. Virgin Islands. Should the aforementioned election results be formally annulled, invalidated, or otherwise overturned by a decision of a competent court or governmental body of the U.S. Virgin Islands, the FIDE Council expressly reserves the right to review and, if necessary, revoke or amend this resolution.[43]

## ANALYSIS

Validity of past elections.

¶ 41    By the Preliminary Injunction Order, the Court determined that Plaintiff had a reasonable likelihood of success in seeking declaratory judgment that Defendants' December 2023 "special election" was ineffective against USVICF. Evidence and arguments submitted thereafter confirm that determination and the Court finds that Defendants' December 2023 special election was invalid and did not replace the then sitting officers of the Federation.

¶ 42    Those USVICF officers then in place had retained their offices ostensibly pursuant to the March 25, 2023 annual meeting and election. As a FIDE Member Federation, USVICF is obligated to "regularly organize general assemblies and elections, in accordance with their statutes and national legal order."[44] The "statutes" of USVICF include its Articles of Incorporation, Constitution and By-laws. Its foundational Articles of Incorporation, filed with the Office of the

---

[43] CMS Doc. no. 143.

[44] FIDE Charter, Art. 11(q).

Lt. Governor on August 7, 1996, inform that: "The Corporation is organized and shall be operated to… Bring into one organization all people in the U.S. Virgin Islands desiring to promote chess." The same organizational purpose is recognized as an objective of the Federation in its Constitution.[45]

¶ 43    By its By-laws, "Membership" in USVICF shall include "Any chess enthusiast or player upon completion of the United States Chess Federation, Inc. (USVICF) application and payment of annual dues." The By-laws describes that it is the duty of the Federation to make "systemic efforts… to increase membership to every chess player in the U.S. Virgin Islands."[46]

¶ 44    The presidents of four St. Croix chess clubs personally attended the May 22, 2025, and a fifth St. Thomas chess club attended virtually. The record reflects that those chess clubs have long been stymied in attempts to achieve membership in USVICF.[47]

¶ 45    Testimony of Federation president Margaret Murphy at that hearing confirmed that at the time of the March 2023 annual meeting, there was only one Virgin Islands National Club that comprised USVICF's total membership, namely the St. Croix Chess Club. Margaret Murphy and Anthony Mongiello, president and treasurer of USVICF, and president and vice president of the St. Croix Chess Club, cast the only two votes in the March 25, 2023 election that returned them to office together with all other existing office holders.

¶ 46    The Court finds that USVICF failed to organize the March 25, 2023 election in accordance with its statutes, violating its obligation as a FIDE Member Federation. It failed to make systemic efforts "to increase membership to every chess player in the Virgin Islands," but rather insulated itself to systemically discourage and frustrate potential members. The December 16, 2022 St. Croix Avis "Notice" of the March 25, 2023 annual meeting is evidence of USVICF's intentional

---

[45] Articles of Incorporation, Art. III.B.; Constitution of the United States Chess Federation, Inc. § 1.4 B.

[46] By-laws of the United States Chess Federation, Inc., Art. I.A; Art. II.A.

[47] *See e.g.* Official Report Presented to the FIDE Council – July 2025 by Reverse Delegate Ramirez regarding his Official Visit from June 19 to 24, 2025. "During the visit, I met with four active clubs in St. Croix and two in St. Thomas. All expressed that they have not been able to formally affiliate with the USVICF due to a lack of clear procedures, lack of response, and institutional barriers. Although the current leadership claims that these clubs have not met certain requirements, the widespread perception on both islands is one of exclusion, limited communication, and lack of institutional integration channels." (CMS Doc. no. 113, Exh. A, at ¶ 4).

failure not to increase participation and membership. The Constitution requires (§ 2.3.1.1) that: "The annual meeting date will be announced at least three (3) months beforehand in the local newspapers." But mere technical compliance with that provision is insufficient where such notice is not reasonably intended to give actual notice to members of the Virgin Islands chess community.

¶ 47    The Federation's "mission is to govern and manage at a territory level, all forms of chess. Through professional planning, organization, marketing, and promotional activities, the USVICF aims to develop chess as a major media and entertainment sport in the U.S. Virgin Islands as a tool for the continuous development of the sport."[48] Such a lofty mission is disserved by the Federation's intentional failure to meaningfully notify the chess community of its annual meeting and to present its plans to govern and manage all forms of chess in the Virgin Islands.

¶ 48    These systemic failures lead the Court to find that the March 25, 2023 election determined by two voters at the annual meeting attended only by the five corporate officers, all re-elected to office, was invalid to install that same slate of those same officers to a new four-year term. USVICF's failure to organize elections in accordance with its statutes is a violation of its obligations as a FIDE Member Federation. Because the March 2023 election was not held as designated by USVICF's governing documents, the Court was authorized to summarily order an election notwithstanding any contrary provisions of USVICF's Constitution and By-laws,[49] as a condition to awarding injunctive relief to Plaintiff in the Preliminary Injunction Order.

August 18-19, 2025 election.

¶ 49    The Court raised questions at the May 22, 2025 hearing concerning the Federation's two-tiered voting process wherein the President and Board of Administrators "are elected by the National Club Presidents and Councilors"[50] rather than by its members directly, and whether such a process may violate the "one member — one vote" principle set out in 13 V.I.C. § 496.[51] The Court is satisfied that, at least in the context of a federation of clubs, like the Virgin Islands

---

[48] Constitution, § 1.5.1.

[49] *See* 13 V.I.C. § 193.

[50] Constitution, § 2.3.5.1.

[51] "In every corporation incorporated under the provisions of this chapter, the interest of each incorporator or member shall be equal to that of any other, and no incorporator or member can acquire any interest which will entitle him to any greater voice, vote, authority or interest in the corporation than any other member."

Olympic Committee and USVICF, tiered voting does not give any member(s) a greater voice, vote, authority or interest than any other(s). Rather, members within each club have equal interests, and determine collectively how the club will exercise its one vote in the affairs of the federation of clubs, such that the two-tiered voting process employed by USVICF does not violate 13 V.I.C. § 496.

¶ 50   On June 23, 2025, Plaintiff timely complied with the condition of the Preliminary Injunction Order by filing and serving on Defendants its Proposed Plan for the Conduct of a Special Election, later supplemented by Plaintiff's Plan for FIDE Sanctioned Elections and Plaintiff's Amended Plan for FIDE Sanctioned Elections, filed July 9 and July 27, 2025, respectively. As invited, but not required, Defendants Widmer, Kershaw, Wilkinson, Rhymer and Van Rensselaer similarly submitted proposals related to the ordered special elections.

¶ 51   By letter of July 14, 2025, copied to FIDE's President, FIDE's Managing Director and to Plaintiff's counsel, Defendant Kershaw advised newly appointed Reverse Delegate Ramirez "that Virgin Islands chess players have agreed to accept a FIDE organized election, to be completed no later than August 21, 2025."[52]

¶ 52   On July 25, 2025, Defendant Kershaw filed her Notice of Court Ordered Special Election Rules and Procedures, deemed filed July 28, 2025, proposing an election timeline culminating in the election to be conducted by online voting via Opa Vote between August 18-20, 2025. The Reverse Delegate responded by July 31, 2025 email to all potential voters, V.I. Club Presidents and Vice Presidents, including Margaret Murphy and Anthony Mongiello, President and Vice President of the St. Croix Chess Club. He characterized the unopposed proposal as "reasonable,

---

[52] Notice of Agreement for FIDE Special Election, (CMS Doc. no. 97). By Affirmation of September 18, 2025, Plaintiff's counsel has declared that she never received the July 14, 2025 emailed letter from Kershaw. *See* CMS Doc. no. 125, Exh. 2. Whether counsel received Kershaw's email, the same letter was submitted to the Court the same date, July 14, 2025 and was deemed filed July 16, 2025. Even though the filing contains no certificate of service as required by V.I. E-File R. 7(c), it was available to counsel on that date. "Although parties remain responsible for service, *see* V.I. E-File R. 7(b)(3), once accepted by the Clerk's Office, filings become immediately viewable by all parties on the case. *See* V.I. E-File R. 7(a)(7)(C)." *Olson v. Virgin Islands Water and Power Authority*, 78 V.I. 58, 74 (V.I. Super. Ct. 2023).

fair, and consistent with the Superior Court's" Order and stated that as FIDE's representative, he would "act as an official observer" and report the results to the FIDE Council.

¶ 53    One week before the scheduled election, the Reverse Delegate followed with his email of August 11, 2025 addressed to "members and potential voters in the upcoming special elections," including Margaret Murphy and Anthony Mongiello, confirming his limited role as observer, to verify the integrity and transparency of the process. Neither Murphy nor Mongiello responded to any pre-election communications of the Reverse Delegate and submitted no objections to the Reverse Delegate or to the Court.[53]

¶ 54    The Election Committee certified the USVICF election results on August 19, 2025, as follows: President: Sinclair Wilkinson; Vice President (St. Thomas): Brandon Rhymer; Vice President (St. Croix): Okemo Hodge; Secretary: Anne Kershaw; Treasurer: William Van Rensselaer. The Reverse Delegate's post-election Observation Report found the election process to be "closed, transparent, and without incident."

¶ 55    By Motion to Confirm Election (Response to August 20, 2025 Order to Show Cause Regarding Frozen USVI Bank Account), Defendants seek an order declaring that the special election of USVICF officers, conducted August 18-19, 2025, was a valid election conferring on Defendants the right to assume and occupy those offices. The Court is satisfied that the election was conducted without objection of any interested party in a fair and open manner, with advance notice of the process to all parties, and finds that the election was legal and its results are valid, in compliance with law and the Federation's governing documents. Accordingly, the Motion to Certify Election will be granted and, by Order entered contemporaneously herewith, the Court confirms and declares that the persons elected to the various offices on August 18-19, 2025 are the legal officers of USVICF and shall assume those offices immediately.

---

[53] One month following the election, on September 18, 2025, Plaintiff filed its Reply to Defendant Anne Kershaw's Opposition to Show Cause Why Defendants Should Not Be Held in Contempt of Court, stating therein that "the USVI Chess Federation had refused to participate in any way in the August 'election' and were adamant they would not recognize that election." (CMS Doc. no. 125, at 5). Plaintiff's refusal to participate and its claim that it would not recognize the results are not otherwise reflected in the record.

Motion to Show Cause.

¶ 56    Plaintiff claims to have "now discovered upon receipt of the FIDE Constitutional Commission's Report, that the Defendants in this case presented themselves to the Constitutional Commission as the USVI Chess Federation and claimed they were requesting FIDE, on behalf of the USVI Chess Federation, to nominate a Reverse Delegate for the USVI Chess Federation. When they received the Court's Order on May 23, 2025, they had a duty to notify FIDE that the request for the Reverse Delegate had not actually come from the USVI Chess Federation, but from the Defendants, but failed to do so."[54]

¶ 57    Following the unauthorized election of officers conducted by Defendants in December 2023 that gave rise to this action, Defendants represented that they were the new officers and representatives of USVICF. By the Preliminary Injunction Order, Defendants were "enjoined from holding themselves out in any setting as the governing body of USVICF" and "from making any representations to third parties that they are authorized to act on behalf of USVICF;" "from collecting or soliciting membership dues in the name of USVICF, from organizing tournaments or meetings or events using the name of USVICF, and from otherwise misrepresenting any affiliation with USVICF by acts or conduct."[55]

¶ 58    The Preliminary Injunction Order enjoined Defendants prospectively from holding themselves out as the governing body of FIDE, but it did not place upon Defendants "a duty to notify" FIDE or any other person or entity that they had been wrong, based upon the Court's ruling, and that any past representations they had made in reliance on the December 2023 election had in fact not installed them as officers of USVICF. As such, there was no contempt on this claim.

¶ 59    Plaintiff seeks sanctions against Defendant Kershaw for making "multiple misrepresentations" to the Court that USVICF had agreed with Defendants' proposal to hold the election conducted August 18-19, 2025, knowing that such representations were untrue. In response, Defendant Kershaw submitted her Declaration under penalty of perjury, citing Plaintiff's June 9, 2025 filing: "Notice to the Court - Plaintiff's Plan for FIDE Sanctioned Elections," and

---

[54] Motion to Show Cause. (CMS Doc. no. 120, at 2).

[55] Preliminary Injunction Order ¶ 1-3. (CMS Doc. no. 80).

stating that "Defendants understood this filing to mean that Plaintiff agreed to a FIDE sanctioned Special Election, in line with the Court's encouragement in its May 23, 2025, Order that the parties agree on an election plan."[56] Plaintiff filed the referenced "Plan for FIDE Sanctioned Elections" but filed nothing with the Court objecting to the election before it took place. Plaintiff was also on notice of the July 14, 2025 letter of Defendant Kershaw to the Reverse Delegate with proposed election plan and timeline, and of Kershaw's July 25, 2025 filing entitled "United States Virgin Islands Chess Federation (USVICF) Special Election Rules and Procedure." Plaintiff's representatives Murphy and Mongiello also received at least two emailed communications concerning the election process from the Reverse Delegate in the weeks prior to the election. Notwithstanding all direct pre-election communications and case filings regarding the process, Plaintiff and its representatives never contradicted or objected in advance to the election. In view of Plaintiff's three filings presenting its plan for FIDE sanctioned elections, and the silence of its representatives, Defendant Kershaw's reference to the parties agreeing to the election cannot be seen to be contemptuous.

¶ 60    Plaintiff further accuses Defendant Kershaw of committing "misrepresentation by omission acting as a fraud on this Court" in that "she received the Constitution Commission's August Report that clearly stated that the Reverse Delegate could not make decisions for the USVI Chess Federation and that the election held on August 18-19, 2025, was improper and not recognized by FIDE" and that "she had a duty to provide that report to the Court." The cited Report mischaracterizes the role assumed by the Reverse Delegate in the election, among other matters relating to the election.[57]

¶ 61    The record does not support Plaintiff's assertions that the Constitutional Commission, subordinate to the FIDE Council, found that the Reverse Delegate was appointed in error by the Council and found that the election held was improper and void and would not be recognized by FIDE. Also, the record contradicts Plaintiff's assertion that the Reverse Delegate acted "on behalf

---

[56] Declaration of Defendant Anne Kershaw in Response to Motion to Hold Defendants in Contempt, ¶ 4. (CMS Doc. no. 132). Plaintiff had also filed its Plaintiff's Proposed Plan for the Conduct of a Special Election on June 23, 2025 and its Amended Plan for FIDE Sanctioned Elections on July 27, 2025.

[57] *See supra,* ¶¶ 32-34.

of USVICF." Rather, the Reverse Delegate carefully defined his role as limited to that of an independent observer in accordance with his appointment by the FIDE Council. "Scope of my function. My mandate as Reverse Delegate, appointed by the International Chess Federation (FIDE), is strictly limited to observing, collecting, and transmitting information regarding the special electoral process ordered by this Honorable Court. I did not organize, validate, or replace any judicial or federative authority."[58] In this and all regards, the record does not support Plaintiff's claims that Defendants generally and Defendant Kershaw particularly made misrepresentations amounting to a fraud on the Court, and Plaintiff's Motion to Show Cause will be denied in its entirety.

Motion to Dismiss.

¶ 62    By the Preliminary Injunction Order, the Court deferred ruling on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint.[59] By its Complaint, Plaintiff sought judgment declaring that the December 2023 election wherein Defendants were elected as officers of USVICF was "fraudulent and void" and enjoined Defendants from acting as or on behalf of USVICF in any capacity (Count I). By the remaining Counts, Plaintiff sought relief, including damages, for Conversion (Count II), Fraudulent Misrepresentation (Bank of St. Croix Account) (Count III); Fraudulent Misrepresentation (Impersonation of USVICF) (Count IV); and Intentional Interference with Contractual Relations (Count V).

¶ 63    Defendants' Motion to Dismiss is presented pursuant to V.I. R. Civ. P. 12(b) "for lack of standing and failure to state claims upon which relief can be granted." Defendants sought to affirm the validity of the December 2023 election, arguing that the Complaint must be dismissed as

---

[58] Observation Report of the FIDE Reverse Delegate, August 21, 2025. (CMS Doc. 121, Exh. F).

[59] Plaintiff filed her First Amended Verified Complaint on January 10, 2025 (CMS Doc. no. 22). Defendant Kershaw filed her *pro se* Motion to Dismiss for Lack of Standing and Failure to State Claims Upon Which Relief Can be Granted on February 13, 2025, together with Memorandum of Points and Authorities in Support (CMS Doc. no. 40). Each of the remaining Defendants filed a *pro se* Motion to Dismiss for Lack of Standing and Failure to State Claims Upon Which Relief Can be Granted, each based upon the Memorandum of Points and Authorities submitted by Defendant Kershaw, as follows: Defendant Widmer, March 11, 2025 (CMS Doc. no. 49); Defendant Hodge, March 11, 2025 (CMS Doc. no. 50); Defendant Rhymer, March 13, 2025 (CMS Doc. no. 51); Defendant Van Rensselaer, March 14, 2025 (CMS Doc. no. 52); and Defendant Wilkinson, March 17, 2025 (CMS Doc. no. 53). For the purposes of this Opinion, the Motions to Dismiss are treated collectively as one Motion.

unauthorized by Defendants, who were USVICF's actual officers sitting as the result of that election. The Motion contends that the Complaint's Verification by Margaret Murphy, now past president, voted out in the December 2023 election, demonstrates that Margaret Murphy, not the Federation, is the real party in interest, apparently providing the basis for the "lack of standing" claim. Defendants assert that Margaret Murphy's recourse in her individual capacity is to challenge the December 2023 election by an action filed pursuant to 13 V.I.C. § 194.[60]

¶ 64    Rule 12(b) sets out various defenses that may be presented by motion, as Defendants have done here, by motion rather than responsive pleading. Those defenses do not, however, include a defense of "lack of standing."[61] Rather, the Motion is properly considered under Rule 12(b)(6). Defendants seek dismissal for failure to state a claim upon which relief can be granted. However, as here, where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." V.I. R. Civ. P. 12(d).

¶ 65    Here, the parties have presented voluminous exhibits to their various filings outside the pleadings that are pertinent to Defendants' Motion, such that the Motion is treated as seeking summary judgment pursuant to Rule 56.

¶ 66    In evaluating a motion for summary judgment, the Court must determine whether there exists a genuine dispute of material fact; one that would impact the outcome of the case under applicable law. *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379-80 (V.I. 2014). Such a dispute is genuine if a reasonable trier of fact could determine that particular factual issue, material to the claim presented, in favor of the nonmoving party. *Id.* at 391-92. "Summary judgment is a drastic remedy [and] should be granted only when the pleadings, the discovery and disclosure

---

[60] "Upon the application by any stockholder the district court may hear and determine the validity of any stockholders' vote or any election of any director of any corporation organized under this chapter, and the right of any person to hold such office, and in case any such office is claimed by more than one person may determine the person entitled thereto; and to that end make such order or decree in any such case as may be just and proper...." This statute is equally applicable to nonprofit corporations. *See* 13 V.I.C. § 499.

[61] Standing in the Virgin Islands is as a claims processing rule rather than a jurisdictional bar to bringing an action. *See Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 565-56 (V.I. 2012).

materials on file, and any affidavits show there is no genuine issue as to any material fact," and that judgment is appropriate as a matter of law. *Id.* at 379-80.

¶ 67    By the Preliminary Injunction Order, the Court found that Plaintiff had a reasonable probability of success on the merits of at least one of its claims and granted preliminary injunctive relief, enjoining Defendants from holding themselves out as the governing body of USVICF on the basis of Defendants' December 2023 special election. The evidence and arguments presented since the May 22, 2025 hearing confirm the determination of the Preliminary Injunction Order and the Court holds that the December 2023 election was invalid against Plaintiff and the then sitting officers of USVICF.

¶ 68    Those then sitting USVICF officers asserted their positions based upon the election conducted at the March 25, 2023 annual meeting. For the reasons set forth in detail above,[62] the Court has found that that the evidence established that Plaintiff failed to organize and conduct that March 2023 election in accordance with its statutes, thereby violating its obligation as a FIDE Member Federation. On account of Plaintiff's multiple systemic failures in convening and conducting the March 2023 annual meeting and election, the Court has found that the re-election to office of the sitting USVICF officers was invalid and ineffective to install those same officers to a new four-year term.

¶ 69    As the March 25, 2023 election was not held in accordance with USVICF's governing documents, as a condition to granting Plaintiff the injunctive relief sought, the Court ordered by the Preliminary Injunction Order that Plaintiff "conduct a SPECIAL ELECTION of the Board of Administrators and president of USVICF, in keeping with the objectives of USVICF as expressed in its Constitution (§ 1.4.B) to 'bring into one organization all people in the U.S. Virgin Islands desiring to promote chess.'" That summarily ordered election was authorized by 13 V.L.C. § 193, notwithstanding any contrary provisions of the Federation's Constitution and By-laws.

---

[62] *See supra*, ¶¶ 42-48.

¶ 70     That election was conducted August 18-19, 2025 as is addressed in detail, above.[63] The Court has confirmed the legality of that election and determined that the persons elected on August 18-19, 2025 are the legal officers of USVICF entitled to assume those offices forthwith.

¶ 71     The Motion to Dismiss is viewed in light of the Court's findings on the validity of the three separate elections in issue. Count I of the Amended Complaint sought a declaration that the December 2023 election conducted by Defendants was invalid. The Court has so ruled. Yet, because the Court hereby grants the Motion to Certify Election, placing those same individuals in office as the result of the August 2025 election, the relief sought by Count I has been rendered moot, and Count I will be dismissed.

¶ 72     Count II seeks relief for conversion, alleging that Defendants' actions wrongfully interfered with Plaintiff's access to its Bank of St. Croix account. In light of the parties' conflicting claims, Bank of St. Croix froze the account, denying access to Plaintiff and Defendants. Both Plaintiff and Defendants presented testimony at the May 22, 2025 hearing that each had opened new accounts such that no party suffered loss. The Preliminary Injunction Order kept the Bank of St. Croix account freeze in place pending further order of the Court. Because Defendants will assume the offices of USVICF, the freeze will be lifted and access to the account will be granted to Defendants. As such, the relief sought by Count II has been rendered moot and Count II will be dismissed.

¶ 73     Plaintiff alleges by Count III that Defendants' fraudulent misrepresentations to Bank of St. Croix resulted in damages to Plaintiff. Margaret Murphy's testimony at the May 22, 2025 hearing that Plaintiff had opened a new account at a different institution from which it was able to continue to conduct business contradicts the allegations of Count III. By Preliminary Injunction Order, access to the account was denied to Defendants pending further order. In light of the Court's ruling that Defendants are entitled to access to the USVICF account at Bank of St. Croix, Count III will be dismissed.

¶ 74     Count IV alleges that Defendants wrongfully "impersonated" USVICF to public and VIOC officials and via website. The record evidence is undisputed that Defendants neither solicited nor

---

[63] *See supra,* ¶¶ 50-55.

received membership applications or dues representing themselves as USVICF's interim board, as Plaintiff has proffered no contrary proof. Defendants shall assume the offices of USVICF, rendering this impersonation claim moot. Count IV will be dismissed.

¶ 75    Count V alleges that Defendants intentionally interfered with Plaintiff's contractual relations with Bank of St. Croix as both parties made competing claims of ownership of the USVICF account. The bank froze the account, and the Preliminary Injunction Order kept the freeze in place. Both parties opened and operated alternate accounts, there is no record evidence of any loss suffered, and Defendants shall be entitled to assume access to the account on behalf of USVICF. Count V will be dismissed.

## CONCLUSION

¶ 76    The December 2023 USVICF election was invalid and ineffective to install Defendants as officers of the Federation at that time. The USVICF officers then sitting held their positions by virtue of the March 25, 2023 annual meeting and election of USVICF, convened and conducted out of compliance with its governing documents and the requisites of FIDE. The Court granted Plaintiffs' Motion for Preliminary Injunction, enjoining Defendants from representing themselves as USVICF. As a condition to that relief, by its Preliminary Injunction Order, the Court ordered Plaintiff to convene and conduct a special election of officers of USVICF. The Court will grant Defendants' Motion to Confirm Election, conducted August 18-19, 2025 pursuant to the Preliminary Injunction Order, and will order that those individuals elected shall assume their respective offices immediately. The injunctive relief granted by the Order Conditionally Granting Preliminary Injunction, entered May 23, 2025, will be dissolved. The former officers of Plaintiff, including Margaret Murphy, will be required to fully cooperate and comply with the Order entered herewith and to take all actions necessary to facilitate full transfer of management and control of USVICF to the individuals assuming the offices to which they were elected, including, but not limited to, transfer of control of all bank and financial accounts, all present and past books, records and electronic files and data. The parties may seek the assistance of USVICF Reverse Delegate Mario Ramirez Barajas and other representatives of FIDE, and the parties shall fully cooperate and comply with the Order entered in all respects.

¶ 77    An appropriate Order is entered herewith.

DATED: November ____7____, 2025.

_____
DOUGLAS A. BRADY, JUDGE

ATTEST:
TAMARA CHARLES
Clerk of the Court

By: _____
        Court Clerk I        11/7/25